UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-1105 ODW (PVC)                              Date:  June 25, 2024

Title          Anthony David Gonsalves Jr. v. Patrick Covello, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNEXHAUSTED**

     On March 24, 2024, Anthony David Gonsalves Jr. (Petitioner), a California state prisoner proceeding pro se, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254 in the Southern District of California.  ("Petition," Dkt. No. 1 at 6).[1]  On April 30, 2024, the case was transferred to the Eastern District of California.  (Dkt. No. 2).  On May 17, 2024, the case was transferred to this Court.[2]  (Dkt. No. 6).  The Petition raises a

---

[1] Pursuant to the "mailbox rule," "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case is March 24, 2024.  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).

For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

[2] On February 20, 2024, Petitioner filed a similar habeas case in the Central District of California, which was dismissed on June 3, 2024, for failure to pay the filing fee or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-1105 ODW (PVC)                                    Date:  June 25, 2024

Title      Anthony David Gonsalves Jr. v. Patrick Covello, Warden

single ground for federal habeas relief: "sentences resulted from one charging instrument with no intervening arrest between the two alleged offenses with both sentences being imposed on the same day, so they should run concurrently." (*Id.* at 3). However, the Petition is subject to dismissal because it is completely unexhausted.³

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process). The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A federal district court has the authority to stay and hold in abeyance a totally unexhausted habeas corpus petition. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines* [*v. Weber*, 544 U.S. 269 (2005)]."). However, under *Rhines*, a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277; *accord Jackson v. Roe*, 425 F.3d 654, 660–61 (9th Cir. 2005).

---

submit a request to proceed in forma pauperis. *Anthony D. Gonsalves Jr. v. CA Courts*, No. 5:24 cv 00405 ODW (PVC) (C.D. Cal. filed Feb. 20, 2024).

³ Patrick Covello, Warden at Mule Creek State Prison (MCSP), where Petitioner is incarcerated, is substituted as the proper Respondent. Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-1105 ODW (PVC)                                      Date:  June 25, 2024

Title         Anthony David Gonsalves Jr. v. Patrick Covello, Warden

Here, it appears that Petitioner has not yet exhausted his habeas claim in the state courts.  While it appears that Petitioner presented his claim in the Superior Court, he has not yet received any "feedback."  (Pet. at 6).  Accordingly, the Petition is subject to dismissal and Petitioner has three available options:

**Option 1:**  If, upon further reflection, Petitioner wishes to contend that his claim is exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that his claim is exhausted.  If Petitioner admits that he has not exhausted his claim, he must select one of the following options.

**Option 2:**  Petitioner may request a voluntary dismissal of this *action* without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:**  Petitioner may request a stay, pursuant to *Rhines*, 544 U.S. at 277–78, seeking a stay of his Petition while he returns to the state courts to completely exhaust his unexhausted claim.  To obtain a stay pursuant to *Rhines*, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and to establish that each unexhausted claim is not "plainly meritless."  *See id.* at 277.

In sum, the Court **ORDERS** Petitioner to file a response, within **21 days** of the date of this Order, specifically stating which of the three options he wishes to pursue.  To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion of his claim.  To select Option Two, Petitioner may use **the attached Notice of Dismissal form** and fill it out, dismissing the entire action.  To select Option Three, Petitioner must file a declaration, signed under penalty of perjury, requesting a stay pursuant to *Rhines*, setting forth good

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-1105 ODW (PVC)                                     Date: June 25, 2024

Title        Anthony David Gonsalves Jr. v. Patrick Covello, Warden

cause for his failure to have exhausted his claim, and demonstrating why his unexhausted claim is not plainly meritless.

**Petitioner is expressly warned that any failure to timely file a declaration or other response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)**.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |